# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

Civil Action No.: 4:21-cv-03102

MICHAEL FOLTZ,

    Plaintiff,

v.

TREDAS, LLC, a Nebraska limited liability company;
ETHAN BRULAND, an individual; and
ZANE ABNER, an individual,

    Defendants.

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Michael Foltz, by and through his attorneys, Wegener Scarborough and Lane, P.C., and for his Complaint against Defendants Tredas, LLC, Ethan Bruland, and Zane Abner, states as follows:

### I. JURISDICTION AND PARTIES

1. Plaintiff Michael Foltz (hereinafter "Mr. Foltz") is an individual residing in Platte County, Nebraska at 47364 310th Avenue, Humphrey, Nebraska 68642.

2. Upon information and belief, Defendant Ethan Bruland (hereinafter "Mr. Bruland") is an individual residing in Platte County, Nebraska.

3. Upon information and belief, Defendant Zane Abner (hereinafter "Mr. Abner") is an individual residing in Platte County, Nebraska.

4. Defendant Tredas, LLC, (hereinafter "Tredas") is a Nebraska limited liability company with its principal place of business in Lancaster County, Nebraska located at 8300 Pioneers Boulevard, Suite 100, Lincoln, Nebraska 68506.

5. The Court has personal jurisdiction over the Defendants and subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## II. GENERAL ALLEGATIONS

7. Mr. Foltz operates a family farm in Northeast Nebraska and this farming operation includes raising cattle, corn, and soybeans.

8. Mr. Foltz also trades commodities for the purpose of, among other things, hedging against the risk of market fluctuations with respect to the cattle, corn, and soybeans he raises.

9. Tredas is in the business of commodity brokering, among other things.

10. Mr. Bruland and Mr. Abner are employed by Tredas as commodity brokers/consultants, and Mr. Abner is Mr. Bruland's immediate supervisor or manager.

11. Mr. Foltz entered into an agreement with Tredas, through its agent/employee Mr. Bruland, for Mr. Bruland, Mr. Abner, and/or Tredas to be Mr. Foltz's broker for purchasing and selling commodities at the express direction of Mr. Foltz, with the understanding that Mr. Foltz's objectives were limited to hedging against the risks identified hereinabove (the "Agreement").

12. Pursuant to the terms of the Agreement, Mr. Bruland and/or Mr. Abner, were required to consult with Mr. Foltz and obtain Mr. Foltz's express consent and authorization prior to making any sales, purchases, or trades of commodities on his account.

13. The Agreement remained in effect for all times relevant hereto.

14. Mr. Foltz opened a brokerage account with the futures commission merchant or commodities brokerage and clearing firm, R.J. O'Brien & Associates LLC ("R.J. O'Brien"), which had a business relationship with Tredas.

15. The brokerage account was a non-discretionary account as Mr. Foltz neither provided R.J. O'Brien nor the Defendants with a power of attorney, and as such, Defendants were not permitted to make any withdrawals from Mr. Foltz's brokerage account or conduct any sales, purchases, or trades without Mr. Foltz's express consent or authorization.

16. Between September 2018 and March 2020, Mr. Bruland and/or Mr. Abner purchased and sold commodities on Mr. Foltz's brokerage account with R.J. O'Brien. *See* Exhibit 1, attached hereto and incorporated herein by reference.

17. These commodities transactions were executed or cleared through R.J. O'Brien using monies from Mr. Foltz's brokerage account.

18. Defendants collected commission fees on contracts executed by R.J. O'Brien with regard to Mr. Foltz's brokerage account.

19. Mr. Bruland and Mr. Abner were given express authorization to make some purchases, sales, and/or trades of corn, soybeans, and cattle, but Mr. Bruland and Mr. Abner made a significant amount of sales, purchases, and/or trades for these commodities which were not authorized by Mr. Foltz, as well as many sales, purchases, or trades in other commodities Mr. Foltz did not authorize.

20. Without Mr. Foltz's prior knowledge, consent, or authorization, and on multiple occasions, Defendants withdrew monies out of Mr. Foltz's brokerage account to make these unauthorized and impermissible sales, purchases, and/or trades.

21. Defendants did not notify Mr. Foltz of these transactions until Mr. Foltz inquired about them.

22. In response, Mr. Bruland and Mr. Abner purposefully concealed from Mr. Foltz that they were day trading on Mr. Foltz's account, which involved making numerous unauthorized transactions to improperly generate commissions to the benefit of Defendants.

23. Mr. Bruland and Mr. Abner, through these impermissible transactions, completely and impermissibly disregarded the interests of Mr. Foltz, as these transactions were unauthorized and were not in accordance with Mr. Foltz's objectives.

24. In particular, Mr. Bruland and Mr. Abner purchased, sold, and traded on Mr. Foltz's account such commodities as gold, cotton, natural gas, crude oil, and heating oil, among others.

25. At all times relevant hereto, Tredas failed to properly supervise and control Mr. Bruland and Mr. Abner's trading on Mr. Foltz's account.

26. Mr. Bruland and Mr. Abner's unauthorized transactions directly resulted in economic damages to Mr. Foltz in the form of losses on his brokerage account and unwarranted and excessive commissions.

27. Due to Mr. Bruland and Mr. Abner's ongoing concealment of the status of Mr. Foltz's brokerage account, a formal request was made on March 30, 2021 for all account information with respect to Mr. Foltz's account.

28. On approximately April 9, 2021, Mr. Bruland provided Mr. Foltz with some, but not all, of the account information Mr. Foltz had requested.

29. Based upon the information Mr. Foltz first received in April of 2021, Mr. Foltz learned that Mr. Bruland and Mr. Abner made over $50,000 in commissions they would have otherwise not made but for their impermissible transactions, and Mr. Foltz determined that due to these improper transactions, he lost, at least, $170,000 that he would not have otherwise lost.

### III. CLAIMS FOR RELIEF

### First Cause of Action

### (7 U.S.C. § 6b: Churning – All Defendants)

30. Mr. Foltz incorporates by reference all of the allegations contained in Paragraphs 1 – 29 as being fully set forth herein.

31. Defendants had sufficient control over Mr. Foltz's brokerage account as they had unhindered access of the funds in Mr. Foltz's brokerage account with R.J. O'Brien as Mr. Bruland and Mr. Abner withdrew monies from said account to conduct trading without Mr. Foltz's express approval or knowledge.

32. Defendants excessively traded Mr. Foltz's account by purchasing, selling, and trading commodities within the same day, in excessive amounts, with knowledge that such transactions were not in keeping with Mr. Foltz's investment objectives.

33. Furthermore, these transactions were done in bad faith and were not in the best interests of Mr. Foltz in light of market conditions.

34. Defendants' purpose behind these excessive transactions was to generate commissions for their own benefit, with the intent to defraud Mr. Foltz and were done with willful and reckless disregard for Mr. Foltz's interests.

35. Based upon the information Mr. Foltz first received in April of 2021, Mr. Foltz learned that Mr. Bruland and Mr. Abner made over $50,000 in commissions they would have otherwise not made but for their impermissible transactions, and Mr. Foltz determined that due to these improper transactions, he lost, at least, $170,000 that he would not have otherwise lost.

## Second Cause of Action

### (Breach of Fiduciary Duty – All Defendants)

36. Mr. Foltz incorporates by reference all of the allegations contained in Paragraphs 1 – 35 as being fully set forth herein.

37. Defendants owed Mr. Foltz a fiduciary duty as Defendants acted as Mr. Foltz's commodity brokers, and as such, were in a special relationship with Mr. Foltz.

38. Defendants breached their fiduciary duties to Mr. Foltz by withdrawing monies from Mr. Foltz's brokerage account without permission and completing unauthorized transactions that were unsuitable or incompatible with Mr. Foltz's trading objectives and risk tolerance.

39. Defendants breach of their fiduciary duties has caused Mr. Foltz damages, including economic damages, consequential damages, costs, and other damages, including non-economic damages, all in amounts to be proven at trial.

## Third Cause of Action

### (Fraud – All Defendants)

40. Mr. Foltz incorporates by reference all of the allegations contained in Paragraphs 1 – 39 as being fully set forth herein.

41. Defendants intentionally represented to Mr. Foltz that they would only purchase, sell, and trade commodities with Mr. Foltz's express consent or authorization and conduct commodity trading in a way that is suitable for Mr. Foltz's hedging purposes.

42. Defendants' representations were false, as they performed excessive trading that was not suitable for hedging purposes and purchased, sold, and traded commodities other than those authorized by Mr. Foltz.

43. At the time Defendants made such representations to Mr. Foltz, Defendants knew them to be false as they immediately began trading inconsistent with their representations to Mr. Foltz.

44. Defendants made such representations with the intention that Mr. Foltz would rely upon such representations by contracting with them.

45. Mr. Foltz relied upon Defendants' representations by contracting and continuing to do business with them.

46. As a direct result of Defendants' misrepresentations, Mr. Foltz has sustained damages, including economic damages, consequential damages, costs, and other damages, including non-economic damages, all in amounts to be proven at trial.

## Fourth Cause of Action

### (Breach of Contract – Tredas, LLC)

47. Mr. Foltz incorporates by reference all of the allegations contained in Paragraphs 1 – 46 as being fully set forth herein.

48. Mr. Foltz entered into the Agreement with Tredas wherein Mr. Foltz was to provide compensation, through fees and commissions, to Tredas in exchange for commodity brokering services.

49. Pursuant to the terms of the Agreement, Tredas and/or Mr. Bruland and/or Mr. Abner, were to consult with Mr. Foltz and obtain Mr. Foltz's express consent or authorization prior to conducting any transactions.

50. Mr. Foltz has met all conditions precedent and has performed all of his obligations under the Agreement and is not in breach of any of his duties or obligations under the Agreement.

51. Tredas, through the actions and/or omissions of its agents/employees, including Mr. Bruland and Mr. Abner, breached the Agreement by completing unauthorized transactions on Mr. Foltz's account.

52. Tredas, through the actions and omissions of its agents/employees, including Mr. Bruland and Mr. Abner, breached the implied covenant of good faith and fair dealing under the Agreement by completing unauthorized transactions.

53. Tredas' breaches and violations of the Agreement have caused Mr. Foltz damages, including economic damages, consequential damages, costs, and other damages, all in amounts to be proven at trial.

## Fifth Cause of Action

### (Negligence – Ethan Bruland and Zane Abner)

54. Mr. Foltz incorporates by reference all of the allegations contained in Paragraphs 1 – 53 as being fully set forth herein.

55. Mr. Bruland and Mr. Abner owed a duty to Mr. Foltz to use reasonable care in maintaining Mr. Foltz's brokerage account and in conducting commodity transactions only at Mr. Foltz's express direction and in accordance with Mr. Foltz's trading objectives.

56. Mr. Bruland breached this duty by conducting commodity transactions without Mr. Foltz's consent or authorization and otherwise by failing to follow Mr. Foltz's trading objectives, by failing to maintain Mr. Foltz's brokerage account, and by otherwise completely disregarding Mr. Foltz's interests, amounting to gross negligence.

57. As a direct and proximate result of Mr. Bruland's breaches and/or omissions, Mr. Foltz has suffered damages, including economic damages, consequential damages, costs, and other damages, including non-economic damages, all in amounts to be proven at trial.

## Sixth Cause of Action

**(Negligent Supervision – Tredas, LLC)**

58. Mr. Foltz incorporates by reference all of the allegations contained in Paragraphs 1 – 57 as being fully set forth herein.

59. Tredas owed a duty to Mr. Foltz in maintaining Mr. Foltz's brokerage account and to monitor, supervise, and control Mr. Bruland and Mr. Abner's trading activities on said account.

60. Tredas breached this duty by completely failing to monitor, supervise, and control Mr. Bruland and Mr. Abner's trading activities and maintaining Mr. Foltz's brokerage account, amounting to gross negligence.

61. As a direct and proximate result of Tredas' breaches, Mr. Foltz has suffered damages, including economic damages, consequential damages, costs, and other damages, including non-economic damages, all in amounts to be proven at trial.

### Seventh Cause of Action

### (Vicarious Liability – Tredas, LLC)

62. Mr. Foltz incorporates by reference all of the allegations contained in Paragraphs 1 – 61 as being fully set forth herein.

63. At all relevant times hereto, Mr. Bruland and Mr. Abner were employees of Tredas.

64. Mr. Bruland and/or Mr. Abner were acting within the course and scope of their employment with Tredas when they breached their duties of care with respect to Mr. Foltz.

65. As a direct and proximate result of Mr. Bruland and/or Mr. Abner's breaches and/or omissions, Mr. Foltz has suffered damages, including economic damages, consequential damages, costs, and other damages, including non-economic damages, all in amounts to be proven at trial.

### IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a final judgment:

### I.

Awarding Mr. Foltz such damages as he has sustained as a result of Defendants' conduct, including, but not limited to, economic damages, non-economic damages, and consequential damages.

### II.

Awarding Mr. Foltz punitive damages with regard to his churning (7 U.S.C. § 6b ) and fraud claims herein.

### III.

Awarding Mr. Foltz his reasonable attorney fees, costs, court fees, pre-judgment and post-judgment interest, and expert witness fees, as allowed by law, and any and all other costs and fees allowed by law.

### IV.

Granting such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all issues so triable.

Respectfully submitted this 14th day of May, 2021.

>*/s/ Benjamin M. Wegener*
>Benjamin M. Wegener
>Wegener Scarborough & Lane, P.C.
>743 Horizon Court, Suite 200
>Grand Junction, CO 81506
>Telephone: (970) 242-2645
>FAX: (970) 241-5719
>Email: ben@wegscar.com
>***Attorney for Plaintiff Michael Foltz***